**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY A. WALLER,**

                        **Petitioner,**

      v.                                    **CASE NO. 21-3246-SAC**

**STATE OF KANSAS,**

                        **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause why this matter should not be dismissed as untimely.

**Background**

In March 2011, a jury in Reno County, Kansas convicted Petitioner of first-degree murder and aggravated kidnapping. The following month, the district court sentenced Petitioner to a controlling sentence of life in prison plus 285 months. Petitioner pursued a timely direct appeal. *State v. Waller*, 299 Kan. 707, 715 (Kan. S. Ct. 2014). The Kansas Supreme Court (KSC) affirmed the convictions and sentence on June 6, 2014, and on August 27, 2014, it denied Petitioner's timely motion for rehearing. According to

---

[1] Don Langford, the current Warden of Ellsworth Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

the petition now before this Court, Petitioner did not seek review by the United States Supreme Court. (Doc. 1, p. 3.)

Reno County District Court online records reflect that on June 24, 2015, Petitioner filed a timely motion for relief under K.S.A. 60-1507, which the district court denied. Petitioner appealed to the Kansas Court of Appeals (KCOA), which affirmed the denial on October 17, 2017. *See Waller v. State*, 2017 WL 4847862 (Kan. Ct. App. 2017), *rev. denied* April 26, 2018. Petitioner sought review by the KSC, but the KSC denied review on April 26, 2018.

On May 25, 2018, Petitioner filed a second 60-1507 motion, which the Reno County District Court dismissed four days later. The KCOA summarily affirmed the dismissal under Kansas Supreme Court Rule 7.041 by an order issued on October 10, 2019. On July 30, 2020, Petitioner filed a third 60-1507 motion, which the Reno County District Court dismissed on August 12, 2020. The KCOA again summarily affirmed the dismissal under Rule 7.041 by an order issued on March 18, 2021.

On October 22, 2021, Petitioner filed in this Court his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). When, as happened here, "a petition for rehearing is timely filed in the lower court by any party, . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing." Sup. Ct. R. 13(3). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run

the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The AEDPA statute of limitations also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Petitioner's direct appeal concluded when the KSC denied his motion for rehearing on August 27, 2014. He had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court, after which his federal habeas limitation period began running. Thus, the one-year period in which Petitioner could timely file his § 2254 petition began running on approximately November 27, 2014.

Petitioner filed his first 60-1507 motion on June 24, 2015, tolling the one-year federal habeas limitation period. Approximately 209 days of the year had expired at that point, leaving approximately 156 days remaining. On April 26, 2018, the KSC denied Petitioner's request for review of the decisions on his first 60-1507, and the one-year period resumed running.

It is questionable whether Petitioner's second 160-1507 motion, filed on May 25, 2018, statutorily tolled the federal habeas limitation period. As noted above, statutory tolling occurs only when "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." (Emphasis added.) *See* U.S.C. 28 § 2244(d)(2).

And K.S.A. 60-1507(c) provides that a Kansas "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Because the 60-1507 motion Petitioner filed in 2018 was his second such motion, it may not have been "properly filed."

Since this Court does not currently have before it the state district court's order of dismissal or the KCOA's order affirming that dismissal, the Court will assume solely for the sake of argument in this order that the second 60-1507 motion was properly filed and therefore tolled the one-year federal limitation period. At that point, approximately 238 days had expired, leaving approximately 127 days remaining. The proceedings related to Petitioner's second 60-1507 motion ended on October 10, 2019, when the KCOA issued its opinion, and the federal one-year habeas limitation period resumed running. It expired approximately 127 days later, on February 14, 2020.

Petitioner did not file his present § 2254 petition until October 22, 2021. Thus, it appears that this action is time-barred and must be dismissed.[2] If Petitioner is able to demonstrate an entitlement to equitable tolling of the limitation period or is able to establish that the actual innocence exception to the limitation period applies, however, the action may proceed and the Court will conduct further review of the petition.

The one-year limitation period is subject to equitable tolling only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). It is

---

[2] Petitioner did not file his third 60-1507 motion until July 2020, so it does not affect the AEDPA timeline.

available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [her] control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Actual innocence can create an exception to the one-year time limitation. To qualify for the actual innocence exception, Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). He must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup*, 513 U.S. at 324.

As explained above, the petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable tolling or establish that the actual innocence exception to the time limitation applies. The Court will direct Petitioner to show cause why his petition should not be

dismissed as time-barred.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including November 29, 2021, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed as untimely. The clerk is directed to substitute Don Langford, Warden of Ellsworth Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED:  This 26th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge