IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY A. WALLER,

                                  Petitioner,

             v.                                        CASE NO. 21-3246-SAC

DON LANGFORD,

                                  Respondent.


MEMORANDUM AND ORDER


     This matter is a petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254. The Court has conducted an initial
review of the Petition under Rule 4 of the Rules Governing Section
2254 Cases in the United States District Courts. For the reasons
explained below, the Court will dismiss this matter as untimely.

**Background**

     In March 2011, a jury in Reno County, Kansas, convicted
Petitioner of first-degree murder and aggravated kidnapping. The
district court sentenced him to a controlling sentence of life in
prison plus 285 months. On June 6, 2014, the Kansas Supreme Court
(KSC) affirmed the convictions and sentence and, on August 27, 2014,
it denied Petitioner's timely motion for rehearing. *State v. Waller*,
299 Kan. 707 (Kan. S. Ct. 2014).

     The online records of the Reno County District Court reflect
that on June 24, 2015, Petitioner filed a timely motion for relief
under K.S.A. 60-1507, which the district court denied. Petitioner
appealed the denial to the Kansas Court of Appeals (KCOA), which
affirmed on October 17, 2017; the KSC denied review on April 16,

2018. *Waller v. State*, 2017 WL 4847862 (Kan. Ct. App. 2017), *rev. denied* April 26, 2018. On May 25, 2018, Petitioner filed a second 60-1507 motion. The district court dismissed the matter four days later and the KCOA summarily affirmed the dismissal under Kansas Supreme Court Rule 7.041 by an order issued October 10, 2019. Petitioner filed a third 60-1507 motion on July 30, 2020, which the district court dismissed on August 12, 2020. The KCOA again summarily affirmed the dismissal under Rule 7.041 by order issued March 18, 2021. Petitioner filed his petition for writ of habeas corpus in this Court on October 22, 2021. (Doc. 1.)

The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on October 26, 2021, issued a notice and order to show cause (NOSC). (Doc. 3.) The NOSC explained the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d) and the ways in which that period is calculated, including the provisions for equitable and statutory tolling as well as the actual innocence exception to the limitation period. *See* Section 2244(d)(1) and (d)(2); *House v. Bell* 547 U.S. 518, 536-37 (2006) (explaining actual innocence exception); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (explaining equitable tolling).

Applying these legal principles, the NOSC concluded that this petition appears untimely. The Court therefore directed Petitioner to show cause why this matter should not be dismissed as time-barred, either by demonstrating an entitlement to equitable tolling of the limitation period or by establishing that the actual innocence exception to the limitation period applies.

Petitioner filed his response to the NOSC on November 12, 2021. (Doc. 6.) Therein, he does not challenge the Court's calculation of the relevant timeline or its conclusion that this petition is untimely filed. Rather, he first asserts that his efforts to pursue this case have been hampered by the effects of the COVID-19 pandemic. Liberally construing the response, as is appropriate since Petitioner proceeds pro se, the Court considers this an argument in support of equitable tolling.

As explained in the NOSC, equitable tolling is available only in rare and exceptional circumstances "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The events that Petitioner references to support the argument for equitable tolling occurred after February 2020, the latest date on which the AEDPA deadline passed. In addition, Petitioner has failed to specifically explain how the circumstances he alleges—such as being on lockdown and not having access to the prison law library—warrant equitable tolling. *See Donald v. Pruitt*, 853 Fed. Appx. 230, 234 (10th Cir. 2021) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19."); *Phares v. Jones*, 470 F. Appx. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."). Thus, Petitioner has not shown that equitable tolling is warranted.

Petitioner also asserts that the AEDPA time limitation should

not apply because the State improperly withheld evidence from the defense that, after Petitioner was convicted and sentenced, it entered into a deal with a key State witness who had testified at Petitioner's trial.[1] (Doc. 6.) Liberally construing the response, it appears that Petitioner is asserting that the actual innocence exception to the AEDPA deadline applies here.

As explained in the NOSC, to obtain the actual innocence exception, a prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner then "must establish that, in light of [the] new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327)). In the present case, Petitioner has failed to meet this burden.

First, Petitioner has not identified to this Court any evidence that supports his assertion that the State made a deal with a key witness. Because he has not identified specific evidence, the Court cannot conclude that he has come forward with "new reliable evidence." Second, Petitioner does not specifically identify the witness in his response, although the petition indicates that it was likely Mr. Coons. (See Doc. 1, p. 6.) If the witness to whom

---

[1] Petitioner also appears to assert that the AEDPA deadline does not apply to him because the Kansas Supreme Court suspended certain deadlines for filing in Kansas courts during and due to the COVID-19 pandemic. (Doc. 6, p. 3; Doc. 6-1, p. 1-8.) Petitioner does not provide any legal authority that supports the notion that the Kansas Supreme Court or Kansas Legislature has the power to suspend federal time requirements such as those in AEDPA. Moreover, the administrative order and legislation Petitioner has attached to his response do not, by their own plain language, apply to deadlines set by federal statute.

Petitioner refers is Mr. Vasie Coons, it is not more likely than not that evidence impeaching Mr. Coons' credibility would have resulted in Petitioner's acquittal. According to the KCOA's opinion in Petitioner's 60-1507 proceeding, "both [Vasie Coons and Chauncey Grissom] admitted to being present when Waller beat Haines to death." *See Waller v. State*, 2017 WL 4847862, at *1. Thus, even if Mr. Coons was impeached with evidence that he had struck a deal with the State, it is not "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See House*, 547 U.S. at 536-37. Accordingly, Petitioner has failed to establish that the actual innocence exception to the AEDPA time limitation applies here.

As the Court concluded in the NOSC, this matter was filed outside of the permissible time period. Even liberally construing Petitioner's response to the NOSC, Petitioner has not established circumstances that warrant equitable tolling, nor has he come forward with the type of new evidence that justifies applying the actual innocence exception to the federal habeas limitation period. The Court will therefore dismiss this matter as untimely.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 18th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge